UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN WILLIAM VESSELLS,

        Plaintiff,                Civil No. 2:18-CV-12203
                                        Honorable Terrence G. Berg

v.

SAGINAW COUNTY JAIL, ET AL.,

        Defendants.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Pending before the Court is Plaintiff Brian William Vessell's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Vessell is currently confined in the Saginaw County Jail. He claims that defendants Saginaw County Jail, Sheriff William Federspiel, and Undersheriff Phil Hard have denied him access to a DVD relevant to a social security disability claim he is pursuing. The Court dismisses the Complaint because it fails to state a claim upon which relief may be granted.

### **I. Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed *in forma pauperis*, without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against

government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). A *pro se* civil rights complaint must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. Discussion

Plaintiff's complaint names three defendants: the Saginaw County Jail, Saginaw County Sheriff William Federspiel, and Saginaw County Undersheriff Phil Hard. He alleges that defendants violated his right of access to the courts by withholding a DVD relevant to his social security disability appeal. He seeks injunctive and monetary relief.

Prisoners have a constitutionally-protected right of access to the courts under the First and Fourteenth Amendments. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). However, there is no generalized

3

"right to litigate," and "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). Plaintiff's Social Security disability claim does not relate to his direct appeal, a habeas corpus application, or a civil rights claim. *See Velazquez-Ortiz v. Negron-Fernandez,* 174 F. Supp. 3d 653, 665 (D. P.R. March 31, 2016) (prisoner plaintiff's civil case related to a disability petition with the Social Security Administration is not the type of claim protected by a prisoner's right of access to courts); *Dorsey v. Kurth*, No. 2:09-cv-00042, 2011 WL 31104, at *4 (E.D. Mo. Jan. 5, 2011) (prisoner plaintiff could not assert a claim for denial of access to the courts based on the defendant's alleged interference with his Social Security disability claim). Therefore, Plaintiff fails to state a claim for denial of access to the courts.

### III. Conclusion

For the foregoing reasons,

(1) The Complaint is **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**.

(2) IT IS CERTIFIED by the Court that any appeal taken by Plaintiff would not be done in good faith.

**SO ORDERED.**

| | |
|---|---|
| Dated: September 24, 2018 | s/Terrence G. Berg<br>TERRENCE G. BERG<br>UNITED STATES DISTRICT JUDGE |

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on September 24, 2018.

s/A. Chubb<br>Case Manager